16 CV 5381 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBEN AN,

              Plaintiff,

-against-

THE CITY OF NEW YORK,

              Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street - Room 3-133B*
*New York, N.Y.  10007*

*Of Counsel:  Mark D. Zuckerman*
*Tel:  (212) 356-3519*
*Matter No. 2016-025603*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 1

ARGUMENT

      POINT I

            PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF ............................................................................... 5

      POINT II

            PLAINTIFF'S PRAYER FOR INJUNCTIVE RELIEF IS NOT ACTIONABLE ................................................................ 9

      POINT III

            PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF SHOULD BE DISMISSED ....................................................... 10

CONCLUSION ....................................................................................................................... 12

**TABLE OF AUTHORITIES**

**Cases**                                                                                                       **Pages**

Ashcroft v. Iqbal,
    556 U.S. 662 (2008) ................................................................................................................9

Boyd v. City of Oakland,
    458 F. Supp.2d 1015 (N.D. Cal. 2006) ...................................................................................8

Chiste v. Travelocity.com, LP,
    756 F. Supp. 2d 382 (S.D.N.Y. 2010) .............................................................................10, 11

City of Los Angeles v. Lyons,
    461 U.S. 95 (1983) ................................................................................................................6, 7

City of St. Louis v. Praprotnik,
    485 U.S. 112 (1985) (plurality opinion) ..................................................................................8

Cont'l Cas. Co. v. Coastal Sav. Bank,
    977 F.2d 734 (2d Cir. 1992) ..................................................................................................10

Curry v. City of New York,
    No. 10-CV-5847 (SLT)(LB), 2010 U.S. Dist. LEXIS 135461
    (E.D.N.Y. Dec. 22, 2010) ........................................................................................................6

Denney v. Deutsche Bank AG,
    443 F.3d 253 (2d Cir. 2006) ....................................................................................................5

Dolphin Direct Equity Partners, LP v. Interactive Motorsports
    & Entertainment Corp.,
    No. 08 Civ. 1558 (RMB)(THK), 2009 U.S. Dist. LEXIS 21938
    (S.D.N.Y. Mar. 2, 2009) .......................................................................................................10

Friends of the Earth, Inc. v. Laidlaw Envt'l Serv's,
    528 U.S. 167 (2000) ................................................................................................................5

Gianni Sport Ltd. v. Metallica,
    No. 00 Civ. 0937 (MBM), 2000 U.S. Dist. LEXIS 17339
    (S.D.N.Y. Dec. 4, 2000) ........................................................................................................11

Harty v. Simon Property Group, L.P.,
    428 Fed. App'x. 69 (2d Cir. 2011) ..........................................................................................6

Henry v. Lucky Strike Entertainment,
    10 CV 3682 (RRM), 2013 U.S. Dist. LEXIS 124939 (E.D.N.Y. Sept. 1, 2013) ....................5

**Cases**                                                                                                                                    **Pages**

ICOS Vision Systems Corp., N.V. v. Scanner Technologies Corp.,
    699 F. Supp. 2d 664 (S.D.N.Y. 2010)..................................................................................11

Kramer v. Time Warner, Inc.,
    937 F.2d 767 (2d Cir. 1991).................................................................................................8

MacIsaac v. Town of Poughkeepsie,
    770 F. Supp. 2d 587 (S.D.N.Y. 2011)..................................................................................7

Marcavage v. The City of New York,
    689 F.3d 98 (2d Cir. 2012)..................................................................................................6

McAllister v. New York City Police Department,
    49 F. Supp. 2d 688 (S.D.N.Y. 1999)....................................................................................9

Nat'l Union Fire Ins. Co. of Pittsburgh v. Int'l Wire Group, Inc.,
    02 CV 10338 (SAS), 2003 U.S. Dist. LEXIS 9193 (S.D.N.Y. June 2, 2003).........................11

New York Times v. Gonzales,
    459 F.3d 160 (2d Cir. 2006)...............................................................................................10

O'Shea v. Littleton,
    414 U.S. 488 (1974).........................................................................................................5, 6

In re REFCO Inc. Securities Litig.: Krys v. Aaron,
    No. 07-md-1902 (JSR), No. 08-cv-7416 (JSR),
    2010 U.S. Dist. LEXIS 142588 (S.D.N.Y. July 19, 2010) .............................................. 10-11

Ross v. Bank of Am., N.A. (USA),
    524 F.3d 217 (2d Cir. 2008)................................................................................................5

S.C. Johnson & Son, Inc. v. Clorox Co.,
    241 F.3d 232 (2d Cir. 2001)................................................................................................9

Shain v. Ellison,
    356 F.3d 211 (2d Cir. 2004).........................................................................................5, 6, 7

Tasini v. New York Times Corp., Inc.,
    184 F. Supp. 2d 350 (S.D.N.Y. 2002)..................................................................................5

United States v. Doherty,
    786 F.2d 491 (2d Cir. 1986)...............................................................................................11

Walker v. City of New York,
    No. 14 Civ. 808 (ER), 2015 U.S. Dist. LEXIS 91410 (S.D.N.Y. July 14, 2015)......................8

| **Cases** | **Pages** |
|---|---|

Williams v. City of New York,
    34 F. Supp. 3d 292 (S.D.N.Y. 2014)..................................................................................5, 6

Wilton v. Seven Falls Co.,
    515 U.S. 277 (1995)..............................................................................................................10

**Statutes**

42 U.S.C. §1983................................................................................................................4, 11

Fed. R. Civ. P. 12(b)(1)........................................................................................................1, 5

Fed. R. Civ. P. 12(b)(6)........................................................................................................1, 9

Fed. R. Civ. P. 65(d) ...............................................................................................................9

**Other Authorities**

12 Moore's Federal Practice § 57.04(3) (3rd Ed. 2004) ................................................................11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RUBEN AN,

                                       Plaintiff,

        -against-

THE CITY OF NEW YORK,

                                       Defendant.

------------------------------------------------------------------------ x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL**

16 CV 5381 (LGS)

## PRELIMINARY STATEMENT

Defendant City of New York hereby respectfully submits its Memorandum of Law in Support of its motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and (6), Federal Rules of Civil Procedure. For the reasons set forth herein, plaintiff's complaint, which seeks only declaratory and injunctive relief, should be dismissed as plaintiff lacks standing to seek injunctive relief, there is no present controversy or dispute between the parties that can give rise to declaratory relief and plaintiff has failed to allege any plausible causes of action for municipal liability under a "custom or usage" theory.

## STATEMENT OF FACTS

Plaintiff alleges that he is a 24 year old man who resides in Queens County, New York. (Complaint, ¶1) For over two years, plaintiff has regularly recorded police officers conducting their official duties. (Complaint, ¶26)

Plaintiff alleges one past incident in his complaint where three NYPD officers allegedly retaliated against him for recording police activity by arresting him: On July 28, 2014, in the early evening, three NYPD police officers observed a man lying on the ground next to a phone booth on the sidewalk of East 8th Street and Lafayette Street in Manhattan, New York

(Complaint, ¶11) The police officers obtained the man's information and called for an ambulance to assist him. (Complaint, ¶11)

Plaintiff was walking in the vicinity of Lafayette Street and East 8th Street, when he observed the foregoing police interaction. (Complaint, ¶12) As the police officers appeared to question the man about an object that he was holding, plaintiff alleges that he approached the area and, standing on the curb, began to film the police interaction using his cellphone. (Complaint, ¶12)

Upon noticing that plaintiff had begun to film the foregoing events, NYPD officer Becaj allegedly approached plaintiff and informed him that he was "in the proximity of a police investigation." (Complaint, ¶14) P.O. Becaj allegedly then ordered plaintiff to step back. (Complaint, ¶14)

Plaintiff alleges that he moved away from the officers, and P.O. Becaj advised him to step further away, saying that plaintiff was blocking the sidewalk. (Complaint, ¶15) Plaintiff allegedly complied with the request and moved further away, toward the side of the building. (Complaint, ¶15)

Plaintiff alleges that P.O Becaj then told plaintiff that he was going to "wait until people came by and then you'll get issued a summons for disorderly conduct if anyone has to go around." (Complaint, ¶16) In response, plaintiff alleges that he moved away from the officers again, and backed away until he was standing almost up against the side of the building, out of the way of pedestrian traffic. (Complaint, ¶16)

Plaintiff alleges that P.O. Becaj then walked toward plaintiff and informed him that he had "just watched three people divert around you," and asked to see plaintiff's identification. (Complaint, ¶18) When plaintiff did not immediately produce identification, P.O.

Becaj allegedly ordered plaintiff to put his phone down, stop filming and produce identification. (Complaint, ¶18) Plaintiff alleges that P.O. Becaj approached him and walked in the middle of the sidewalk, causing several pedestrians to divert around him. (Complaint, ¶18)

Plaintiff alleges that he did not stop recording nor put his cellphone down. (Complaint, ¶19) P.O. Becaj allegedly grabbed plaintiff, twisted plaintiff's arm behind his back, and pushed him against the building wall. (Complaint, ¶19) P.O.s Novellino and Digiacomo allegedly stopped the conversation that they were having with the man by the phone booth and participated in plaintiff's arrest. (Complaint, ¶19)

Plaintiff alleges that P.O. Becaj grabbed plaintiff's arm, causing plaintiff to drop his cellphone, which stopped recording. (Complaint, ¶20) P.O. Becaj allegedly confiscated plaintiff's cellphone. (Complaint, ¶20)

Plaintiff alleges that he was then handcuffed and placed into an NYPD vehicle. (Complaint, ¶21) Plaintiff was charged with obstruction of governmental administration, two counts of disorderly conduct and resisting arrest. (Complaint, ¶23) Plaintiff was held in police custody for approximately 15 hours. (Complaint, ¶23) One count of disorderly conduct and the obstruction of governmental administration charge were eventually dismissed by the New York County District Attorney's Office. (Complaint, ¶23) Plaintiff was ultimately acquitted by a jury on the remainder of the charges. (Complaint, ¶24)

Plaintiff asserts that he did not record any police interactions for several months after the foregoing arrest and recorded rarely until the conclusion of his trial. (Complaint, ¶28) Since his acquittal, plaintiff alleges that he has gradually resumed filming police activities, but less frequently than prior to his arrest. (Complaint, ¶29) Plaintiff alleges that he has recorded police activities at least twice per month since his acquittal. (Complaint, ¶29)

Plaintiff's complaint alleges no other instances of the NYPD retaliating against him for recording NYPD activities, by arrest or otherwise.  (See Complaint)

Plaintiff alleges that the foregoing acts of the three NYPD officers on July 28, 2014, if proven wrongful as alleged, would violate official NYPD policy:  "In 2014, the NYPD put out a FINEST Message addressing 'Recording of Police Action by the Public.'"  (Complaint, ¶36) "The FINEST Message states, 'Members of the service are reminded that members of the public are legally allowed to record (by video, audio, or photography) police interactions.  These interactions include arrests and other situations.'"  (Complaint, ¶36)  "It further prohibits NYPD officers from 'interfering with a person's use of recording devices to record police interactions.'"  (Complaint, ¶36)   "Finally, it acknowledges, 'intentional interference such as blocking or obstructing cameras or ordering the person to cease…violates the First Amendment.'"  (Complaint, ¶36)  "Upon information and belief, the NYPD's practice and custom of interfering with the rights of individuals who seeks to record police activity violates this FINEST Message." (Complaint, ¶36)

Plaintiff seeks an "injunction restraining the City of New York and its employees from punishing or otherwise retaliating against the Plaintiff or any other individual who, without interfering with police activity, records or attempts to record police officers who are performing official duties in a public place."  (Complaint, Prayer for Relief, at B)

Plaintiff also seeks a "declaratory judgment that the City violated the Plaintiff's rights under the First Amendment to the Constitution of the United States and 42 U.S.C. §1983, and that Mr. An's attempted recording of NYPD officers on July 28, 2014 was an act protected by the First Amendment to the Constitution."  (Complaint, Prayer for Relief, at A)

# ARGUMENT

## POINT I

### PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF

"An objection to standing is properly made on a Rule 12(b)(1) motion." Williams v. City of New York, 34 F. Supp. 3d 292, 294 (S.D.N.Y. 2014) (quoting Tasini v. New York Times Corp., Inc., 184 F. Supp. 2d 350, 354 (S.D.N.Y. 2002)). "Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" Ross v. Bank of Am., N.A. (USA), 524 F.3d 217, 222 (2d Cir. 2008) (quoting Denney v. Deutsche Bank AG, 443 F.3d 253, 263 (2d Cir. 2006)). "Standing for an equitable claim must appear on the face of the complaint in order to survive a motion to dismiss." O'Shea v. Littleton, 414 U.S. 488 (1974). "A plaintiff must demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Envt'l Serv's, 528 U.S. 167, 185 (2000).

To establish standing, a plaintiff must show that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envt'l. Serv's. (TOC), Inc., supra, 528 U.S. at 180-181. "[I]n order to demonstrate that [he has] standing to pursue claims for injunctive relief, plaintiff must show a real and immediate threat of repeated injury." Henry v. Lucky Strike Entertainment, 10 CV 3682 (RRM), 2013 U.S. Dist. LEXIS 124939, at *42 (E.D.N.Y. Sept. 1, 2013). An "abstract injury is not enough." Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004).

Under the leading case of City of Los Angeles v. Lyons, 461 U.S. 95 (1983), "a plaintiff seeking injunctive relief must demonstrate both a likelihood of future harm and the

5

existence of an official policy or its equivalent." Shain v. Ellison, supra, 356 F.3d at 216. "[A] plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." Harty v. Simon Property Group, L.P., 428 Fed. App'x. 69, 71 (2d Cir. 2011) (citing Lyons at 105). In fact, plaintiff must show "a sufficient likelihood that he [or she] will again be wronged in a similar way." Marcavage v. The City of New York, 689 F.3d 98, 103 (2d Cir. 2012) (quoting Lyons at 111). One past incident involving a particular plaintiff and the police has been found to be insufficient to confer standing. City of Los Angeles v. Lyons, supra.

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea, supra, 414 U.S. at 495-96. "In other words, [a plaintiff] asserting an injunction . . . must allege the probability of a future encounter with the defendant which is likely to lead to a similar violation of some protected right." Curry v. City of New York, No. 10-CV-5847 (SLT)(LB), 2010 U.S. Dist. LEXIS 135461, at *8 (E.D.N.Y. Dec. 22, 2010) (internal citation omitted). "The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" Shain v. Ellison, 356 F.3d at 215 (quoting O'Shea, 414 U.S. at 494).

The seminal case in this regard, Lyons, supra, "occupies much of the territory" related to a citizen's standing to seek an injunction against police practices surrounding arrests. Williams, supra, 34 F. Supp.3d at 296 (citing Shain, supra, 356 F.3d at 215). In Lyons, the plaintiff alleged that he feared again being subjected to an illegal chokehold, and given the extensive use of chokeholds by the Los Angeles police, that he should be afforded standing to seek injunctive relief. However, the United States Supreme Court held that the risk that plaintiff

himself would come into contact with the police and suffer a subsequent unlawful chokehold was speculative in nature and insufficient to confer equitable standing.  Id., at 109; see also MacIsaac v. Town of Poughkeepsie, 770 F. Supp. 2d 587, 601 (S.D.N.Y. 2011) (plaintiff's claim that he would be stopped, arrested and subjected to a taser gun again was speculative, and injunctive relief therefore denied).

Plaintiff fails both prongs of the Shain test that requires that he establish "a likelihood of future harm and the existence of an official policy or its equivalent."  With respect to the "likelihood of future harm" prong, plaintiff relies on just one past incident, the events of July 28, 2014, wherein he alleges that he was retaliated against and arrested as a result of his photographing an NYPD police interaction.  Lyons stands for the proposition that one past police interaction is insufficient to confer standing in arrest situations.

Likewise, that there will be another incident where plaintiff records a police interaction, acts lawfully and the officers allegedly violate NYPD policy and retaliate against plaintiff by arresting him without probable cause, as alleged here, is completely "speculative," "hypothetical," "abstract" and "conjectural" in nature.  No facts are alleged by plaintiff supporting a claim of future harm other than the one past incident of July 28, 2014.  Thus, plaintiff completely fails to meet his burden of demonstrating a "likelihood of future harm." This, by itself, defeats plaintiff's claim for injunctive relief as pled, since he lacks Article III standing to seek the injunction requested.

Plaintiff also fails to meet the "official policy" prong of the Shain standing test. Plaintiff acknowledges in his complaint that the NYPD's official policy as to allowing persons to record police interactions is constitutional and proper. (E.g. Complaint, ¶ 36, referring to an NYPD FINEST Message of August 6, 2014).  Thus, plaintiff acknowledges that the NYPD's

7

official policy is constitutionally proper, but, rather, contends that the NYPD's "official policy" was violated by the three officers' acts on July 28, 2014 in this one circumstance. This by itself defeats plaintiff's standing argument, as the NYPD's "official policy" is admittedly entirely constitutional as it relates to citizens' recording of police interactions.

Instead, plaintiff points only to a few complaints in other lawsuits and a newspaper article for his conclusion that the NYPD has an actionable municipal "custom or usage[1]" that "violates this FINEST Message." (Complaint, ¶¶ 32(a), (b) and (c), 36, 38)  This is insufficient to confer standing in light of the NYPD's admittedly constitutional policy[2]. Although courts can "take judicial notice of documents filed in other courts, they do not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991); Walker v. City of New York, No. 14 Civ. 808 (ER), 2015 U.S. Dist. LEXIS 91410 at *24-25 (S.D.N.Y. July 14, 2015) (it "is not within this Court's purview to assess the veracity of either the claims of outside plaintiffs, or the defenses presented against them in cases that have settled or are pending before other judges.") (quoting Kramer).  In fact, lawsuits merely contain allegations and are not evidence of a municipal policy or custom. Boyd v. City of Oakland, 458 F. Supp.2d 1015, 1048 (N.D. Cal. 2006) ("The existence of another lawsuit in which an alleged unconstitutional custom or policy or practice of a municipality is at issue cannot be said to be an adjudicated fact that is not subject to dispute.  Rather, this alleged fact is very much in dispute.")

---

[1] For municipal liability to lie under such a theory, plaintiff must establish the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute a "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials. City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1985) (plurality opinion).

[2] The existence of the aforementioned FINEST Message refutes any notion that NYPD policymaking officials acquiesce in any alleged unconstitutional "custom or usage."

Thus, the few lawsuits cited by plaintiff cannot overcome the constitutional "official policy" that plaintiff acknowledges the NYPD maintains.

Likewise, another isolated incident referenced in the newspaper article identified in plaintiff's complaint at ¶ 32 (c) where the officer was charged criminally is inadmissible hearsay and may not be considered[3]. McAllister v. New York City Police Department, 49 F. Supp. 2d 688, 705, n. 12 (S.D.N.Y. 1999). Simply, plaintiff's allegation of an actionable municipal "custom or usage" by citing to a few other lawsuits and a newspaper article cannot confer standing in this case, as plaintiff acknowledges that the NYPD's official policy is entirely constitutional.[4]

## POINT II

### PLAINTIFF'S PRAYER FOR INJUNCTIVE RELIEF IS NOT ACTIONABLE

Plaintiff's prayer for injunctive relief is not actionable under Rule 65(d), Fed. R. Civ. P. "Under [Federal Rule of Civil Procedure] 65(d), an injunction must be more specific than a simple command that the defendant obey the law." S.C. Johnson & Son, Inc. v. Clorox Co., 241 F.3d 232 (2d Cir. 2001). The injunction (and advisory opinion) that plaintiff seeks is an "injunction restraining the City of New York and its employees from punishing or otherwise retaliating against the Plaintiff or any other individual who, without interfering with police

---

[3] Since the officer involved faced criminal charges arising out of this incident, the incident also refutes plaintiff's allegation that NYPD policymakers have acquiesced in the purported "custom and usage."

[4] Nor can alleging a handful of lawsuits and a newspaper article satisfy the "plausibility" requirement of Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. As seen, complaints from other lawsuits and newspaper articles are not evidence of municipal wrongdoing. Thus, plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P., as well.

activity, records or attempts to record police officers who are performing official duties in a public place." (Complaint, Prayer for Relief, at B)  However, plaintiff's prayer for injunctive relief is merely a request for the Court to command the defendant to obey the law as plaintiff perceives it to be.  This is not actionable, and for this reason alone, plaintiff's injunctive relief claims should be dismissed as well.

POINT III

PLAINTIFF'S CLAIM FOR DECLARATORY
RELIEF SHOULD BE DISMISSED

A district court may issue a declaratory judgment in "a case of actual controversy within its jurisdiction." New York Times v. Gonzales, 459 F.3d 160, 165 (2d Cir. 2006). "Federal courts have 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" Dolphin Direct Equity Partners, LP v. Interactive Motorsports & Entertainment Corp., No. 08 Civ. 1558 (RMB)(THK), 2009 U.S. Dist. LEXIS 21938, at *35 (S.D.N.Y. Mar. 2, 2009) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)); see also Chiste v. Travelocity.com, LP, 756 F. Supp. 2d 382, 407 (S.D.N.Y. 2010).  In deciding whether to exercise this jurisdiction, however, the Second Circuit has held that courts should consider "whether a declaratory judgment will [i] 'serve a useful purpose in clarifying and settling the legal relations in issue'; or [ii] 'afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Dolphin Direct, 2009 U.S. Dist. LEXIS 21938, at *35 (quoting Cont'l Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2d Cir. 1992)).

As seen, courts require an "actual controversy between the parties" for declaratory relief to lie. In re REFCO Inc. Securities Litig.: Krys v. Aaron, No. 07-md-1902 (JSR), No. 08-cv-7416 (JSR), 2010 U.S. Dist. LEXIS 142588, at *41 (S.D.N.Y. July 19, 2010) (citing United States v. Doherty, 786 F.2d 491, 498-99 (2d Cir. 1986)).  To warrant declaratory relief, "[t]here

10

must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." ICOS Vision Systems Corp., N.V. v. Scanner Technologies Corp., 699 F. Supp. 2d 664, 667 (S.D.N.Y. 2010) (citations and internal quotation marks omitted).

Past acts do not constitute an appropriate basis for invoking declaratory relief. Chiste v. Travelocity.com, LP, supra, 756 F. Supp. 2d at 407 ("There is no basis for declaratory relief where only past acts are involved.") (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Int'l Wire Group, Inc., 02 CV 10338 (SAS), 2003 U.S. Dist. LEXIS 9193, at *15 (S.D.N.Y. June 2, 2003)); Gianni Sport Ltd. v. Metallica, No. 00 Civ. 0937 (MBM), 2000 U.S. Dist. LEXIS 17339, at *11 (S.D.N.Y. Dec. 4, 2000) ("Any damages that are due have already accrued. Therefore, Gianni will not 'avoid the accrual of avoidable damages by means of this action.'"); 12 Moore's Federal Practice § 57.04(3) (3rd Ed. 2004) ("Declaratory relief is inappropriate to adjudicate past conduct, such as when the damages have already accrued").

Plaintiff seeks a "declaratory judgment that the City violated the Plaintiff's rights under the First Amendment to the Constitution of the United States and 42 U.S.C. §1983, and that Mr. An's attempted recording of NYPD officers on July 28, 2014 was an act protected by the First Amendment to the Constitution." (Complaint, Prayer for Relief, at A)

However, there is no present or immediate controversy between the parties, as the entirety of the dispute between plaintiff and defendant is based on the past acts that occurred on or about July 28, 2014. That there might be another incident involving the parties of the same nature is mere speculation. There is not a sufficient and immediate controversy to warrant declaratory relief. As such, a claim for declaratory relief simply does not lie under these

circumstances, and plaintiff's request for declaratory relief should be denied and his claim dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint should be dismissed in its entirety.

Dated:   New York, New York
         August 26, 2016

>                ZACHARY W. CARTER
>                Corporation Counsel of the
>                  City of New York
>                Attorney for Defendant City of New York
>                100 Church Street, Room 3-133b
>                New York, New York 10007
>                (212) 356-3519
>
>
> By:            /s/
>                MARK D. ZUCKERMAN
>                Senior Counsel