16 CV 5381 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBEN AN,

                                 Plaintiff,

-against-

THE CITY OF NEW YORK,

                                 Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Mark D. Zuckerman*
*Tel: (212) 356-3519*
*Matter No. 2016-025603*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT

    POINT I

        PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF ............................................................... 1

    POINT II

        PLAINTIFF'S PRAYER FOR INJUNCTIVE RELIEF IS NOT ACTIONABLE ................................................. 8

    POINT III

        DECLARATORY RELIEF IS IMPROPER IN THIS CASE ................................................................................. 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                   **Page(s)**

Aguilar v. Immigration and Customs and Enforcement Division,
    811 F. Supp.2d 803 (S.D.N.Y. 2011) ................................................................................ 4, 5

Ashcroft v. Iqbal,
    556 U.S. 662 (2008) ........................................................................................................... 6, 9

Chiste v. Travelocity.com, LP,
    756 F. Supp. 2d 382 (S.D.N.Y. 2010) ................................................................................ 9

City of Los Angeles v. Lyons,
    461 U.S. 95 (1983) ........................................................................................... 2, 3, 4, 5

Connick v. Thompson,
    131 S. Ct. 1350 (2011) ...................................................................................................... 8

Cont'l Cas. Co. v. Coastal Sav. Bank,
    977 F.2d 734 (2d Cir. 1992) ............................................................................................ 9

Curtis v. City of New Haven,
    726 F.2d 65 (2d Cir. 1984) ......................................................................................... 5, 7

DeShawn E. by Charlotte E. v. Safir,
    156 F.3d 340 (2d Cir. 1998) ............................................................................................ 2

Floyd v. City of New York,
    283 F.R.D. 153 (S.D.N.Y. 2012) ................................................................................ 5, 6

Friends of the Earth, Inc. v. Laidlaw Envt'l. Serv's. (TOC), Inc.,
    528 U.S. 167 (2000) ........................................................................................................... 1

Gianni Sport Ltd. v. Metallica,
    No. 00 Civ. 0937 (MBM), 2000 U.S. Dist. LEXIS 17339 (S.D.N.Y. Dec. 4,
    2000) ....................................................................................................................................... 10

Goodman v. City of New York, et. al.,
    14 CV 5261 (CM), 2015 U.S. Dist. LEXIS 37063 (S.D.N.Y. Feb. 18, 2015) ............ 7

ICOS Vision Systems Corp., N.V. v. Scanner Technologies Corp.,
    699 F. Supp. 2d 664 (S.D.N.Y. 2010) ............................................................................. 9

Knife Rights, Inc. v. Vance,
    802 F.3d 377 (2d Cir. 2015) ........................................................................................ 3, 4

Kramer v. Time Warner, Inc.,
    937 F.2d 767 (2d Cir. 1991) ........................................................................................ 6, 7

| **Cases** | **Pages** |
|---|---|
| Laird v. Tatum,<br>408 U.S. 1 (1972) | 8 |
| McAllister v. New York City Police Department,<br>49 F. Supp. 2d 688 (S.D.N.Y. 1999) | 6 |
| Nat'l Union Fire Ins. Co. of Pittsburgh v. Int'l Wire Group, Inc.,<br>02 CV 10338 (SAS), 2003 U.S. Dist. LEXIS 9193 (S.D.N.Y. June 2, 2003) | 9-10 |
| New York Times v. Gonzales,<br>459 F.3d 160 (2d Cir. 2006) | 9 |
| Nitke v. Ashcroft,<br>253 F. Supp.2d 587 (S.D.N.Y. 2003) | 8 |
| Roe v. City of New York, et. al.,<br>151 F. Supp.2d 495 (S.D.N.Y. 2001) | 6 |
| S.C. Johnson & Son, Inc. v. Clorox Co.,<br>241 F.3d 232 (2d Cir. 2001) | 9 |
| Shain v. Ellison,<br>356 F.3d 211 (2d Cir. 2003) | 2, 6 |
| Susan B. Anthony List v. Driehaus,<br>134 S. Ct. 2334 (2014) | 2 |
| United Public Workers v. Mitchell,<br>330 U.S. 75 (1947) | 8 |
| Walker v. City of New York,<br>974 F.2d 293 (2d Cir. 1992) | 8 |
| Walker v. City of New York,<br>No. 14 Civ. 808 (ER), 2015 U.S. Dist. LEXIS 91410 (S.D.N.Y. July 14, 2015) | 6, 7 |
| Warth v. Seldin,<br>422 U.S. 490 (1975) | 2 |
| Williams v. City of New York,<br>34 F. Supp.3d 292 (S.D.N.Y. 2014) | 2, 3 |

**Statutes**

| | |
|---|---|
| Fed. R. Civ. P. 12(b)(1) | 1 |

| **Cases** | **Pages** |
|---|---|
| Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 6 | |
| Fed. R. Civ. P. 65(d) .............................................................................................................8 | |

**Other Authorities**

12 Moore's Federal Practice § 57.04(3) (3rd Ed. 2004) ................................................................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RUBEN AN,

                                      Plaintiff,

        -against-

THE CITY OF NEW YORK,

                                      Defendant.

------------------------------------------------------------------------ x

**DEFENDANT'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS**

16 CV 5381 (LGS)

## PRELIMINARY STATEMENT

        Defendant City of New York hereby respectfully submits its Memorandum of Law in Further Support of its motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and (6), Federal Rules of Civil Procedure. For the reasons set forth herein, as well as those set forth in defendant's opening Memorandum of Law, plaintiff's complaint should be dismissed with prejudice pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil Procedure.

## ARGUMENT

### POINT I

**PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF**

        The parties seem to agree on the legal standard to be applied to the question of whether plaintiff has standing to seek injunctive relief in this case. To establish standing, a plaintiff must show that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envt'l. Serv's. (TOC), Inc., 528 U.S. 167, 180-81 (2000). Additionally, under the

leading case of City of Los Angeles v. Lyons, 461 U.S. 95 (1983), "a plaintiff seeking injunctive relief must demonstrate both a likelihood of future harm and the existence of an official policy or its equivalent." Shain v. Ellison, 356 F.3d 211, 216 (2d Cir. 2003).

In Point I of its opening brief, defendant argued, under the authorities cited, that plaintiff's assertion that there will be another incident where he records a police interaction, acts lawfully and unidentified police officers violate NYPD policy and retaliate against him through arrest without probable cause, is completely "speculative," "hypothetical," "abstract" and conjectural" in nature, and that in reality what is being sought is an advisory opinion by this Court. Defendant's argument is based on the principle that "Article III of the Constitution limits the jurisdiction of federal courts to the resolution of 'cases' and 'controversies.'" Williams v. City of New York, 34 F. Supp.3d 292, 294 (S.D.N.Y. 2014) (quoting U.S. Const. art. III, §1). "The doctrine of standing gives meaning to these constitutional limits," Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014), and requires plaintiff to "allege such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498-99 (1975). "In order to meet the constitutional minimum of standing to seek injunctive relief, [plaintiff] must carry the burden of establishing that 'he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.'" Shain, supra, 356 F.3d at 215 (quoting Lyons, 461 U.S. 95 at 102). "In doing this, he 'cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he…will be injured in the future.'" Shain, supra (quoting DeShawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998)). "City of Los Angeles v. Lyons 'occupies much of the territory' related [to] a citizen's standing to seek an injunction against police practices surrounding arrests." Williams,

supra (quoting Shain, 356 F.3d at 215). Lyons requires that there be a sufficient "likelihood that [plaintiff] will again be wronged in a similar way." Williams, supra (quoting Lyons, 461 U.S. at 111).

Plaintiff makes a number of arguments in support of his standing argument, none of which are meritorious. First, in an attempt to distinguish the controlling authorities cited by defendant, plaintiff relies in substantial part on his factual allegation that he regularly films police activity—at least twice per month—since "the conclusion of his criminal trial" in July, 2015. (Plaintiff's Memorandum of Law in Opposition at pp.7, 9; Complaint, ¶24, 29) However, the fact that plaintiff, by his own admission, has filmed police activities approximately thirty times since the conclusion of his criminal trial, without retaliation of any kind by the NYPD, completely belies his assertion that there is a "likelihood of future harm." See Lyons, 461 U.S. at 109 (requiring that plaintiff allege that he is "realistically threatened by a repetition of [his] experience…" for standing to lie). Simply, when the smoke clears, plaintiff in truth is only relying on the one past incident, his arrest of July 28, 2014, to support his standing argument, as that is the only incident set forth in his complaint in which he was allegedly retaliated against. Since there appears to be no dispute, nor can there be, that standing is not conferred solely as a result of past injury, Article III standing clearly does not lie in this case.

Second, plaintiff cites to four judicial decisions to support his standing argument. Plaintiff principally relies on Knife Rights, Inc. v. Vance, 802 F.3d 377 (2d Cir. 2015), which is the only Circuit level authority relied on by plaintiff to support his standing argument. However, Knife Rights does not support plaintiff's argument when applied to the standing issue that is presented herein. Knife Rights involved a constitutional challenge to a criminal statute on the grounds of vagueness as applied to the plaintiffs' possession of certain knives. The lawsuit was

3

brought against a prosecutorial office only. The Second Circuit specifically stated that it was deciding that challenge only in "the context of pre-enforcement challenges to criminal statutes,..." id. at 384, which is not what is being challenged by the plaintiff Ruben An herein.

In fact, the Second Circuit in Knife Rights distinguished Lyons on a number of grounds pertinent to the present dispute. First, the Second Circuit reasoned that the plaintiffs in Knife Rights had expressed the intent to again violate the law as applied to them in the future and that they were being threatened with future prosecution if they did so. Id. at 385-386. An, similar to the plaintiff in Lyons, has to the contrary alleged that he intends to follow the law in the future. (Plaintiff's Memorandum of Law at p. 11) Second, the Second Circuit in Knife Rights also distinguished Lyons by noting that Lyons had not alleged a "blanket application of chokeholds by arresting Los Angeles police officers." Id. An, similar to Lyons, does not allege the blanket denial of the right to record police activity by NYPD officers either, but, rather it has happened just once in all the times that he has recorded. Third, the Second Circuit also distinguished Lyons in Knife Rights on the basis that Lyons involved a claim which "focused on the actions of law enforcement," and was not a "vagueness challenge" to a statute. Id. at n. 6. An's complaint of course focuses on the actions of law enforcement by the NYPD, bringing his claims into the sphere of law enforcement and Lyons, not cases addressing statutory challenges.

Plaintiff also relies on Aguilar v. Immigration and Customs and Enforcement Division, 811 F. Supp.2d 803 (S.D.N.Y. 2011), in support of his standing argument. Defendants would first point out that this case is fully distinguishable on the basis that it is outside the sphere of arrests as well. Further, the Court based its decision, in part, on the grounds that the defendant federal agents had "explicitly threatened to return to two of the [plaintiffs'] homes in which they conducted operations," id., at 827, and actually had returned on multiple occasions to one of

4

plaintiff's homes after the alleged underlying constitutional violation. Id. This is markedly different than the circumstance presented here, where, indisputably, defendants have taken no actions as to the plaintiff Ruben An since the subject arrest of July 28, 2014, much less any improper actions.

However, the Aguilar district court did cite to another Second Circuit decision which fully supports defendant's standing argument herein, Curtis v. City of New Haven, 726 F.2d 65 (2d Cir. 1984). See Aguilar at 824-25. In Curtis, the plaintiff sought injunctive relief arising from a City of New Haven police officer's alleged negligent use of mace. Curtis, 726 F.2d at 65-66. Applying Lyons, the Second Circuit dismissed such injunctive relief claims based on standing. In part, the Curtis court reasoned that "[t]he City's General Orders do not order or authorize police officers to act the way the juries found that they did here…and the police officers appear to have violated the General Orders…" Id. at 68. "The General Orders of the City's police department…do not authorize the use of mace in the manner it was used in this case." Id.

The reasoning of the Second Circuit in Curtis applies equally to the argument being made by the plaintiff Ruben An herein. An contends that the NYPD has a constitutionally adequate policy, but rather contends that the officers on July 28, 2014 violated it in connection with his subject arrest. Thus, under Curtis, the fact that Ruben An merely argues that the officers on July 28, 2014, violated official NYPD policy in arresting him, rather than that the underlying policy is infirm, further weakens his standing argument.

Plaintiff also cites to Judge Scheindlin's decision in Floyd v. City of New York, 283 F.R.D. 153 (S.D.N.Y. 2012), in the stop and frisk class action litigation, as support for his standing argument. There are a number of reasons why Floyd is inapposite to the case herein.

5

First, it was not an arrest case. Second, there was an admission by the defendant in that case that at least one plaintiff had standing. Id. at 169. Third, the court found that there were "repeated incidents" in the case of one plaintiff, four alleged improper stops. Id. This is unlike An's allegations herein, where he alleges that his constitutional rights were violated just once arising out of the past incident of July 28, 2014.

The fourth decision relied on by plaintiff in support of his standing argument, Judge Sweet's District Court decision Roe v. City of New York, et. al., 151 F. Supp.2d 495 (S.D.N.Y. 2001), is pre-Shain. Shain is the leading standing case in this Circuit applicable to equitable claims arising out of arrests. Roe is therefore of limited precedential value.

Third, plaintiff argues that he has met the "official policy or its equivalent" requirement of Shain by virtue of citing to a few other lawsuits and a newspaper article in his complaint. Defendant cited in its opening Memorandum of Law controlling authority that, although courts can "take judicial notice of documents filed in other courts, they do not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991); Walker v. City of New York, No. 14 Civ. 808 (ER), 2015 U.S. Dist. LEXIS 91410 at *24-25 (S.D.N.Y. July 14, 2015) (it "is not within this Court's purview to assess the veracity of either the claims of outside plaintiffs, or the defenses presented against them in cases that have settled or are pending before other judges.") (quoting Kramer).[1]

---

[1] Defendant also argued that the newspaper article cited by plaintiff in his complaint at ¶32(c) is inadmissible hearsay. McAllister v. New York City Police Department, 49 F. Supp. 2d 688, 705, n. 12 (S.D.N.Y. 1999). As the entirety of plaintiff's "custom or usage" allegations arise out of other lawsuit complaints, and a newspaper article, defendant reasserts that that plaintiff has not stated a "plausible claim" for relief in accordance with Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008), and that his complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

In response, plaintiff does not even address either <u>Kramer</u> or <u>Walker</u>. Rather, plaintiff contends that he "does not intend to use the mere existence of other lawsuits [or the newspaper article] as evidence of municipal policy, but rather to allege that Defendant had *notice* of repeated" instances of misconduct, relying on a few District Court decisions. (Plaintiff's Memorandum of Law, pp. 13, 14) However, it is not "notice" that is at issue upon the standing inquiry herein, but rather whether plaintiff can establish "an official policy or its equivalent" to demonstrate standing. Plaintiff cites no authority whatsoever for the proposition that standing can be conferred where the defendant admittedly has a constitutionally sufficient policy, but, rather alleges that a few lawsuits and a newspaper article demonstrate that there may be occasional violations of such a policy. The Second Circuit rejected a similar line of reasoning in <u>Curtis</u>, <u>supra</u>, as to the existence of standing where there are mere allegations of occasional violations of an official policy that is constitutional.

One of the lawsuits cited by plaintiff in his complaint at ¶32(a) is a good example of why the mere use of allegations in other lawsuits are insufficient to confer standing where there indisputably is a constitutionally sufficient policy in place. In <u>Goodman v. City of New York, et. al.</u>, Judge McMahon granted the individual defendant in that case qualified immunity on the grounds that there was "arguable probable cause" for Ms. Goodman's arrest. <u>Goodman v. City of New York, et. al.</u>, 14 CV 5261 (CM), 2015 U.S. Dist. LEXIS 37063 (S.D.N.Y. Feb. 18, 2015). This is precisely the reason that courts do not accept allegations in a complaint for the truth of the matters asserted, namely that the allegations have to be adjudicated by the courts in which such cases are filed, and they may not be decided in plaintiff's favor.

Fourth, plaintiff argues that since his filming of police interactions has been subjectively "chilled," that such confers standing. Plaintiff is incorrect for a number of reasons.

Initially, the only case that plaintiff has cited for such a proposition, <u>Nitke v. Ashcroft</u>, 253 F. Supp.2d 587 (S.D.N.Y. 2003), involves a challenge to a statute, and does not arise out of an arrest. Further, "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm; 'the federal courts established pursuant to Article III of the Constitution do render advisory opinions.'" <u>Laird v. Tatum</u>, 408 U.S. 1, 13-14 (1972) (quoting <u>United Public Workers v. Mitchell</u>, 330 U.S. 75, 89 (1947)). There is no "present objective harm" alleged in plaintiff's complaint nor any "threat of specific future harm." As seen, although plaintiff may subjectively believe that his alleged right to film police interactions has been "chilled," there is nothing in the complaint, as it relates to plaintiff, other than the one past incident, the events of July 28, 2014. As such, there is no "present objective harm" or a "threat of specific future harm" sufficient to confer standing in this case.

Fifth, plaintiff argues that because he has alleged a constitutional failure to train, that standing is conferred. This argument is not meritorious either. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on failure to train." <u>Connick v. Thompson</u>, 131 S. Ct. 1350, 1359 (2011). A plaintiff also must plead that "a municipality knows 'to a moral certainty'" that a situation will be mishandled, resulting in the deprivation of a person's constitutional rights. <u>Walker v. City of New York</u>, 974 F.2d 293, 297-98 (2d Cir. 1992). Plaintiff has not met this stringent standard in his complaint. Further, plaintiff's attempt to use this theory to establish standing, where there is admittedly a proper policy in place, is submitted to the Court without authority. As such, this allegation does not confer standing either.

## POINT II

### PLAINTIFF'S PRAYER FOR INJUNCTIVE RELIEF IS NOT ACTIONABLE

Plaintiff does not dispute that "[u]nder [Federal Rule of Civil Procedure] 65(d), an injunction must be more specific than a simple command that the defendant obey the law." S.C. Johnson & Son, Inc. v. Clorox Co., 241 F.3d 232 (2d Cir. 2001). Plaintiff also does not dispute that this is exactly the type of prayer for relief that is in his complaint. Rather, plaintiff contends that should discovery proceed, he will determine the additional injunctive relief he seeks at that time. Ashcroft stands for the proposition that only "plausible" claims should survive a motion to dismiss. Having failed to plead any additional prayers for injunctive relief, even after being put on notice of defendant's motion to dismiss, plaintiff has simply failed to plead a "plausible" claim for injunctive relief, and it should be dismissed on this basis as well.

## POINT III

### DECLARATORY RELIEF IS IMPROPER IN THIS CASE

Plaintiff does not dispute the law cited in defendant's opening brief as to the availability of declaratory relief. A district court may issue a declaratory judgment in "a case of actual controversy within its jurisdiction." New York Times v. Gonzales, 459 F.3d 160, 165 (2d Cir. 2006). In deciding whether to exercise this jurisdiction, however, the Second Circuit has held that courts should consider "whether a declaratory judgment will [i] 'serve a useful purpose in clarifying and settling the legal relations in issue'; or [ii] 'afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Dolphin Direct, 2009 U.S. Dist. LEXIS 21938, at *35 (quoting Cont'l Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2d Cir. 1992)). To warrant declaratory relief, "[t]here must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." ICOS Vision Systems Corp., N.V. v. Scanner Technologies Corp., 699 F. Supp. 2d 664, 667 (S.D.N.Y. 2010) (citations and internal quotation marks omitted).

Past acts do not constitute an appropriate basis for invoking declaratory relief. Chiste v. Travelocity.com, LP, supra, 756 F. Supp. 2d 382, 407 (S.D.N.Y. 2010) ("There is no basis for declaratory relief where only past acts are involved.") (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Int'l Wire Group, Inc., 02 CV 10338 (SAS), 2003 U.S. Dist. LEXIS 9193, at *15 (S.D.N.Y. June 2, 2003)); Gianni Sport Ltd. v. Metallica, No. 00 Civ. 0937 (MBM), 2000 U.S. Dist. LEXIS 17339, at *11 (S.D.N.Y. Dec. 4, 2000) ("Any damages that are due have already accrued. Therefore, Gianni will not 'avoid the accrual of avoidable damages by means of this action.'"); 12 Moore's Federal Practice § 57.04(3) (3rd Ed. 2004) ("Declaratory relief is inappropriate to adjudicate past conduct, such as when the damages have already accrued").

Simply, there is no controversy between these parties of "sufficient immediacy" warranting declaratory relief. The entirety of the dispute arises out of plaintiff's arrest of July 28, 2014. Since the entirety of plaintiff's complaint is based on that one past incident, declaratory relief is improper in this case and plaintiff's claim for it should be dismissed.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in defendant's opening Memorandum of Law, plaintiff's Complaint should be dismissed with prejudice.

Dated:     New York, New York
           September 22, 2016

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                  City of New York
                                *Attorney for Defendant City of New York*
                                100 Church Street, Room 3-133b
                                New York, New York 10007
                                (212) 356-3519


                        By:     _____/s/_____
                                MARK D. ZUCKERMAN
                                Senior Counsel

10