UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBEN AN,

*Plaintiff,*

v.

THE CITY OF NEW YORK,

*Defendant.*

*Document Electronically Filed*

Case No.: 16-cv-05381

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff requests leave to file the proposed Amended Complaint attached to this motion as **Exhibit A**. The proposed Amended Complaint contains substantial additional factual allegations of standing and of the the City of New York's official policy or its equivalent of arresting individuals who record New York Police Department ("NYPD") officers while the officers are performing their official duties in public.

**BACKGROUND**

Mr. An has regularly recorded police officers conducting their official duties in public and plans to continue doing so in an exercise of his First Amendment rights. Mr. An was arrested for filming an interaction between three NYPD officers and a man on a sidewalk in Manhattan on July 28, 2014. Mr. An was subsequently tried in front of a jury on July 7-9, 2015 for disorderly conduct for obstructing a sidewalk, and with resisting arrest. He was acquitted of both charges. Mr. An asserts that his arrest violated his First Amendment rights, and that his First Amendment rights were and continue to be chilled as a result of his arrest and prosecution.

Furthermore, Mr. An alleges that his experience is far from an isolated incident; rather, it is a widespread pattern on the part of NYPD officers to interfere with and arrest individuals who attempt to record officers performing their duties in public.  To address this ongoing civil rights violation, Mr. An brought a civil rights action pursuant to 42 U.S.C. § 1983 against Defendant City of New York, challenging the constitutionality of the NYPD's widespread practice and custom of interfering with and deterring the exercise of First Amendment rights in these circumstances.

On February 2, 2017, this Court granted Defendant City of New York's Motion to Dismiss the Complaint for lack of standing.  (Dkt. 31).  The Court held that Plaintiff lacked standing because the Complaint failed to adequately allege that Defendant maintains an official policy or its equivalent of arresting or interfering with individuals who record or attempt to record NYPD officers performing their official duties in public.  At the Court's invitation, Plaintiff is moving to file an Amended Complaint adding additional factual allegations to bolster the claim that Defendant has such an official policy or its equivalent.

## ARGUMENT

Mr. An's proposed Amended Complaint would add many additional allegations of individuals who have been arrested or whose First Amendment rights have been interfered with by NYPD officers while the individuals recorded or attempted to record police officers performing their official duties in a public place.  The proposed Amended Complaint details 46 additional cases that have been filed against the City and that include allegations of NYPD officers arresting individuals for recording or interfering with individuals as they recorded or attempted to record.

The proposed Amended Complaint also details 19 additional news articles reporting on instances of NYPD officers interfering with individuals who were exercising their First Amendment right to record or arresting individuals for doing so.  Several of the incidents described in the Amended Complaint resulted in a finding of misconduct against the arresting or interfering NYPD officer or in a superior telling the arresting officer to release the individual who had been recording from custody.

In addition, the proposed Amended Complaint also alleges reports made to the New York City Civilian Complaint Review Board ("CCRB").  In 2016, the CCRB received 110 reports of NYPD officers interfering with recordings, unlawfully searching electronic devices, and deleting electronic information from a device.  Between January 1, 2014 and December 31, 2015, the CCRB received 201 reports that contained one or more allegations of police interference with civilian recording of police activity; search of a device for a recording of police activity; deletion of a recording of police activity; and/or damage to or destruction of the recording device.  In total, the CCRB received 311 allegations related to police interference with individuals recording NYPD officers performing their official activities in public within a three year period from 2014 to 2016.  As a result of these reports, the CCRB found a sufficient pattern and practice from 2014 to 2016 to merit closer study in a full "Issue-Based Report," which is expected to be published soon.  The complaints filed against the City, the news articles, and the CCRB reports demonstrate that these incidents occur at a rate of more than 100 per year, based solely on incidents that result in lawsuits, CCRB reports, and media coverage.

The proposed Amended Complaint now contains many more allegations of police officers of arresting or interfering with individuals who record or attempt to record NYPD

officers performing their official duties in public – 384 total allegations based upon complaints filed against the City, new articles, and CCRB complaints – to support the claim of the City maintaining an official policy or its equivalent. The 384 allegations over a three year period contained in the proposed Amended Complaint are far more numerous than the allegations in other cases in this jurisdiction where courts have found insufficient facts to support a claim of an official policy or its equivalent. *See e.g., Calderon v. City of New York*, 138 F. Supp. 3d 593, 612-13 (holding that a pervasive illegal practice was not suggested by 16 lawsuits filed during a 12-year period); *Tieman v. City of Newburgh*, No. 13 Civ. 4178, 2015 WL 1379652, at *17 (S.D.N.Y. Mar. 26, 2015) (holding that thirteen allegations of excessive force during arrests over a four year period was insufficient to constitute a custom).

Furthermore, although the proposed Amended Complaint contains additional examples of findings of wrongdoing by NYPD officers who arrest or interfere with individuals recording police officers performing their official duties in public, the vast majority of the lawsuits against the City described in the proposed Amended Complaint either remain ongoing or resulted in a settlement. It is rare for a final decision on the merits to be reached in these cases such that there could be a finding of liability against the City.

The additional material in the proposed Amended Complaint also demonstrates a failure to train or supervise. As discussed above, the lawsuits filed against the City, news coverage, and reports filed to the CCRB suggests that individuals recording NYPD officers performing there official duties in public are arrested or interfered with well over 100 times per year. Additionally, the Amended Complaint demonstrates that these violations of individuals' First Amendment rights are committed by a variety of different NYPD officers; the problem is

4

widespread rather than an issue of a small number of officers who are not aware of or do not abide by the FINEST Message.  A failure to train requires: 1) "that a policymaker knows to a moral certainty that her employees will confront a given situation"; 2) that "there is a history of employees mishandling the situation'; and 3) "that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." *Jenkins v. City of New York*, 478 F.3d 76, 94 (2d Cir. 2007).  Here, the pervasive use of cellphones to take pictures and record video coupled with the number of incidents detailed in the complaint creates a virtual certainty that NYPD officers will continue to confront situations where individuals record the officers performing their official duties in public.  The proposed Amended Complaint establishes that there is a history of NYPD officers mishandling the situation – from 2014-2016 alone there were over 300 allegations of such situations being mishandled.  Finally, the mishandling of these situations by NYPD officers frequently causes individuals to be deprived of their First Amendment rights.

Unless otherwise provided by Fed. R. Civ. P. 15(a)(1), a party "may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  According to both Rule 15(a)(2) and the Second Circuit, "[t]he court should freely give leave when justice so requires.  *Id.*; *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962); *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.,* 404 F.3d 566, 603-04 (2d Cir. 2005); *Dluhos v. Floating & Abandoned Vessel, Known as "New York",* 162 F.3d 63, 69 (2d Cir. 1998); *Gumer v. Shearson, Hammill & Co.,* 516 F.2d 283, 287 (2d Cir. 1974)).  To that end, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *AEP Energy Services Gas*

*Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (internal quotation marks omitted)).  As explained by the Second Circuit,

> This liberal approach to the amendment of pleadings serves a dual purpose: First, the rule's purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.... Second, Rule 15 reflects the fact that the federal rules assign the pleadings the limited role of providing the parties with notice of the nature of the pleader's claim or defense and the transaction, event, or occurrence that has been called into question...

*Savitsky v. Mazzella*, 2004 WL 2454120, *2 (S.D.N.Y. Nov. 1, 2004), *aff'd,* 210 F. App'x 71 (2d Cir. 2006).

Given the liberal approach this Circuit has taken to permitting the amendment of pleadings, "a motion to amend should be denied only for such reasons as prejudice, bad faith and futility." *Daniels v. Loizzo,* 174 F.R.D. 295, 297 (S.D.N.Y. 1997) (citing *Forman v. Davis,* 371 U.S. 178, 182 (1962)).  *See also Duling*, 265 F.R.D. at 96 ("the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) [would prejudice] the opposing party ... or (4) would be futile" (quoting *Lee v. Regal Cruises, Ltd.,* 916 F. Supp. 300, 303 (S.D.N.Y. 1996), *aff'd,* 116 F.3d 465, 1997 WL 311780 (2d Cir. 1997)); *Vogelsang v. Vaughn*, 1998 WL 337894, at *1 (S.D.N.Y. June 23, 1998) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of *a showing by the non- movant of prejudice or bad faith*" (quoting *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2nd Cir. 1992)) (emphasis in original)).

None of the recognized bases for denying such a request are present here.  The proposed amendment is being made promptly, within the deadline given by this Court in its Order

Granting Defendant's Motion to Dismiss. (Dkt. 31). Leave to file this proposed Amended Complaint is not being sought in bad faith. As detailed above, the amendment is not futile, as Plaintiff believes that the insufficiencies present in the Complaint have been cured by additional material contained in the proposed Amended Complaint. Thus, the proposed Amended Complaint would survive a motion to dismiss.

Finally, the City will not be prejudiced if Mr. An is granted leave to file the proposed Amended Complaint. That a defendant would "be forced to expend additional legal resources on filing an Answer to the Amended Complaint does not amount to undue prejudice requiring that the plaintiff should be forced to withdraw her claim with prejudice." *Roberts v. Cooperatieve Centrale Raiffeisen-Boeren Leenbank B.A.*, 2010 WL 23170, at *1 (S.D.N.Y. Jan. 5, 2010) (citing *Eastman Mach. Co. v. Diamond Needle Corp.,* No. 99 Civ. 450, 2000 WL 1887827, at *3 (W.D.N.Y. Dec. 18, 2000); *D'Alto v. Dahon California, Inc.,* 100 F.3d 281, 283 (2d Cir.1996) ("[S]tarting a litigation all over again does not constitute legal prejudice.")).

Furthermore, with the exception of the parties exchanging initial disclosures, interrogatories, and document requests, all discovery had been stayed in this case pending the outcome of the City's Motion to Dismiss. *Brennan v. City of White Plains,* 1998 WL 75692, at *10 (S.D.N.Y. Feb. 20, 1998) (no prejudice at early stage of litigation, prior to any discovery). Although the parties may now have to undergo the discovery process, "[t]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Vogelsang v. Vaughn*, 1998 WL 337894, at *1 (S.D.N.Y. June 23, 1998) (quoting *United States v. Continental Ill. Nat'l Bank & Trust Co. of Chicago,* 889 F.2d 1248, 1255 (2nd Cir.1989)). Finally, "prejudice is not at issue—even if [a] motion to dismiss were

granted" because "the Court would still be within its discretion to grant leave to amend if the pleading defects could be cured in an amendment."  In re AMBAC Financial Group, Inc., Derivative Litigation, 2008 WL 5262428, at *1 (S.D.N.Y. Dec. 11, 2008) (citing *Oliver Sch., Inc. v. Foley,* 930 F.2d 248, 253 (2d Cir.1991)).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant it leave to file its proposed Amended Complaint.

Dated: February 23, 2017  
        New York, New York

Respectfully Submitted,

/s/Charles S. Sims  
Cynthia Conti-Cook  
Joshua Carrin  
The Legal Aid Society  
199 Water Street, 6th Floor  
New York, New York 10038  
Telephone: (212) 577-3265  
Facsimile: (646) 449-6786

Charles S. Sims  
William C. Silverman  
Sarah E. Sullivan  
PROSKAUER ROSE LLP  
Eleven Times Square  
New York, NY 10036  
Telephone: (212) 969-3000  
Facsimile: (212) 969-2900  
csims@proskauer.com  
wsilverman@proskauer.com  
ssullivan@proskauer.com

*Attorneys for Plaintiff*