## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RUBEN AN,

*Plaintiff,*

v.

THE CITY OF NEW YORK,

*Defendant.*

*Document Electronically Filed*

Case No.: 16-cv-05381

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS
## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

## TABLE OF CONTENTS

**Page**

Legal Standard .................................................................................................................1

Argument ........................................................................................................................1

I.      Plaintiff Has Alleged Standing to Seek Injunctive Relief ...................................1

        A.      Plaintiff Has Alleged Sufficient Facts to Demonstrate a Likelihood of
                Future Harm ...........................................................................................1

        B.      Plaintiff Has Alleged Sufficient Facts to Demonstrate an Official Policy or
                Its Equivalent ........................................................................................3

                1.      Plaintiff Has Sufficiently Pled Custom or Usage ........................4

                2.      Plaintiff Has Sufficiently Pled Failure to Train or Supervise ....................7

II.     Plaintiff's Prayer For Injunctive Relief is Actionable ........................................8

III.    Plaintiff Has Articulated a Basis to Seek Declaratory Relief .............................9

Conclusion .....................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**CASES**

*Aguilar v. Immigration & Customs Enf't Div. of the U.S. Dep't of Homeland Sec.*,
811 F. Supp.2d 803 (S.D.N.Y. 2011)..........................................................................5

*Allen v. Wright*,
468 U.S. 737 (1984)...................................................................................................1

*An v. City of N.Y.*,
2017 WL 455434 (S.D.N.Y. Feb. 2, 2017)..............................................................4

*Bertuglia v. City of N.Y.*,
839 F. Supp. 2d 703 (S.D.N.Y. 2012)......................................................................6

*Brandon v. City of N.Y.*,
705 F. Supp. 2d 261 (S.D.N.Y. 2010)......................................................................4

*Calderon v. City of N.Y.*,
138 F. Supp. 3d 593, 612-13.....................................................................................5

*Caruso v. Zugibe*,
2015 WL 5459862 (S.D.N.Y. June 22, 2015) .........................................................2

*City of L.A. v. Lyons*,
461 U.S. 95 (1983).............................................................................................passim

*Connick v. Thompson*,
131 S. Ct. 1350 (2011)..............................................................................................3

*Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*,
411 F.3d 384 (2d Cir. 2005)....................................................................................10

*Edwards v. City of N.Y.*,
2015 WL 5052637 (S.D.N.Y. Aug. 27, 2015).........................................................6

*Employers Ins. of Wausau v. Fox Entm't Group, Inc.*,
522 F.3d 271 (2d Cir.2008)......................................................................................9

*Fiacco v City of Rensselaer, N.Y.*,
783 F.2d 319 (2d Cir 1986)......................................................................................5

*Floyd v. City of N.Y.*,
283 F.R.D. 153 (S.D.N.Y. 2012) .............................................................................3

*Hobbs v. Police Officers of City of N.Y.*,
   2014 WL 502030 (S.D.N.Y. 2014)........................................................................3

*In re Prudential Lines Inc.*,
   158 F.3d 65 (2d Cir.1998).....................................................................................9

*Jean-Gilles v. Cty. of Rockland*,
   463 F. Supp. 2d 437 (S.D.N.Y. 2006)..................................................................3

*Jenkins v. City of N.Y.*,
   478 F.3d 76 (2d Cir. 2007)....................................................................................7

*Jones v. Bock*,
   549 U.S. 199 (2007)...............................................................................................9

*Latino Officers Ass'n v. Safir*,
   170 F.3d 167 (2d Cir. 1999).................................................................................3

*Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*,
   507 U.S. 163 (1993)...............................................................................................9

*McAllister v. N.Y.C. Police Dep't*,
   49 F. Supp. 2d 688 (S.D.N.Y. 1999)....................................................................6

*McCants v. City of Newburgh*,
   2014 WL 6645987 (S.D.N.Y. Nov. 21, 2014)......................................................6

*Nat'l Cong. for Puerto Rican Rights v. City of N.Y.*,
   75 F. Supp. 2d 154 (S.D.N.Y.)..............................................................................5

*N.Y. State Nat'l Org. for Women v. Terry*,
   704 F. Supp. 1247 (S.D.N.Y.1989),......................................................................9

*N.Y. Times Co. v. Gonzales*,
   459 F.3d 160 (2d Cir. 2006)..................................................................................9

*O'Shea v. Littleton*,
   414 U.S. 488 (1974)...............................................................................................1

*Rapa v. City of N.Y.*,
   2015 WL 5671987 (S.D.N.Y. Sept. 25, 2015)......................................................2

*Ricciuti v. N.Y.C. Transit Auth.*,
   941 F.2d 119 (2d Cir. 1991)..................................................................................1

*Roe v. City of N.Y.*,
   151 F. Supp. 2d 495 (S.D.N.Y 2001)....................................................................2

*S.C. Johnson & Son, Inc. v. Clorox Co.*,
   241 F.3d 232 (2d Cir. 2001)................................................................9

*Shain v. Ellison*,
   356 F.3d 211 (2d Cir. 2004)..........................................................1, 2, 3

*Tieman v. City of Newburgh*,
   2015 WL 1379652 (S.D.N.Y. Mar. 26, 2015) .................................6

*United States Underwriters Ins. Co. v. Ziering*,
   2010 WL 3419666 (E.D.N.Y. Aug. 27, 2010)...................................1

*Vann v. City of N.Y.*,
   72 F.3d 1040 (2d Cir. 1995)..............................................................7

*Walker v. City of N.Y.*,
   974 F.2d 293 (2d Cir. 1992)..............................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) .........................................................................8

Fed. R. Civ. P. 8(a)(3) .........................................................................8

Fed. R. Civ. P. 65(d) ........................................................................8, 9

John C. Jeffries, Jr. & George A. Rutherglen, *Structural Reform Revisited,* 95 Cal.
   L. Rev. 1387, 1418 (2007) ................................................................4

U.S. Const. amend. I ...................................................................3, 4, 8, 10

For the reasons set forth herein, as well as those set out in plaintiff's opening Memorandum of Law, plaintiff requests that the Court grant him leave to file his proposed Amended Complaint.

## LEGAL STANDARD

Defendant opposes plaintiff's Motion for Leave to Amend solely on the basis of futility. An amended complaint is futile if "it could not defeat a motion to dismiss for failure to state a claim." *U.S. Underwriters Ins. Co. v. Ziering*, 2010 WL 3419666 at *2 (E.D.N.Y. Aug. 27, 2010) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). But, plaintiff's proposed Amended Complaint is not futile, as it cures the perceived deficiencies of the original complaint and would survive a motion to dismiss.

## ARGUMENT

### I.   PLAINTIFF HAS ALLEGED STANDING TO SEEK INJUNCTIVE RELIEF

To establish constitutional standing, a complaint must adequately plead: 1) injury in fact, which requires that the injury is distinct and palpable, not abstract, conjectural, or hypothetical; 2) causation, which requires an injury that is "fairly traceable" to the challenged action; and 3) redressibility, which requires that relief from the injury will likely follow from a favorable decision. *Allen v. Wright*, 468 U.S. 737, 751 (1984). A plaintiff seeking injunctive relief must also establish "both a likelihood of future harm and the existence of an official policy or its equivalent." *Shain v. Ellison*, 356 F.3d 211, 216 (2d Cir. 2004) (citing *City of L.A. v. Lyons*, 461 U.S. 95, 105-06 (1983)).

#### A.   Plaintiff Has Alleged Sufficient Facts to Demonstrate a Likelihood of Future Harm

Likelihood of future harm must be "'both real and immediate, not conjectural or hypothetical.'"  *Shain*, 356 F.3d at 215 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

Plaintiff's fear of future harm is far less tenuous than the plaintiffs' fears in cases defendant rests on, where the accumulation of required inferences rendered the likelihood of similar future harm improbable. *See, e.g., Shain*, 356 F.3d at 216 (plaintiff's standing required him to show "that *if* he is arrested in Nassau County and *if* the arrest is for a misdemeanor and *if* he is not released on bail and *if* he is remanded to NCCC and *if* there is no particularized reasonable suspicion that he is concealing contraband, he will again be strip searched."); *Caruso v. Zugibe*, 2015 WL 5459862, at *6 (S.D.N.Y. June 22, 2015); *Rapa v. City of N.Y.*, 2015 WL 5671987, at *2 (S.D.N.Y. Sept. 25, 2015).

By contrast, Mr. An's risk of future harm is embodied by one fact: Mr. An has continued filming NYPD officers since his arrest, and future harm would require only that an NYPD officer interfere with his filming. Mr. An's fear of interference is not speculative; it is grounded in his experience, the City's failure to take corrective action in his case, the prevalence of recent similar incidents, and the City's failure to take corrective action in those cases.

Risk of future harm here is also sufficient to confer standing because plaintiff fears interference with *lawful* conduct. *Roe v. City of N.Y.*, 151 F. Supp. 2d 495, 503 (S.D.N.Y 2001). Indeed, even *MacIsaac v. Town of Poughkeepsie*, a case defendant rests heavily on, recognizes this distinction. 770 F. Supp. 2d 587, 601 (S.D.N.Y 2011) ("[Mr. MacIsaac's illegal activity] distinguishes his case from those in which the plaintiffs had standing to sue for injunctive relief in part because their likelihood of suffering the same harm again did not depend on them willfully breaking the law." (collecting cases)). Unlike Mr. MacIsaac, Mr. An was engaged in legal activity at the time of his arrest. Unlike the allegations of future injury in *Lyons*, which required "a string of unlikely contingencies," here, the "risk of future injury does not depend on [the plaintiff] being arrested for *unlawful* conduct and so he cannot avoid that injury by

2

following the law." *Floyd v. City of N.Y.*, 283 F.R.D. 153, 169-70 (S.D.N.Y. 2012) (emphasis added).

Furthermore, Mr. An has experienced an ongoing chilling of his First Amendment rights – as a result of his year-long fight to maintain his liberty under threat of criminal conviction – that is not conjectural.  In First Amendment cases, a plaintiff's injury derives from the chilling effect on the plaintiff's constitutional rights.  *See, e.g.*, *Latino Officers Ass'n v. Safir*, 170 F.3d 167, 170–71 (2d Cir. 1999) (granting standing where plaintiffs were denied permission to speak publicly on one occasion and thereafter declined requests to speak publicly); *Hobbs v. Police Officers of City of N.Y.*, 2014 WL 502030 at *11 (S.D.N.Y. 2014) ("[P]laintiff argues that the City's actions had an indirect effect on the exercise of [his] First Amendment rights. A claim asserting a First Amendment violation requires nothing more." (internal quote omitted)); *Jean-Gilles v. Cty. of Rockland*, 463 F. Supp. 2d 437, 452 (S.D.N.Y. 2006). The City's argument that the chilling of Mr. An's rights is subjective is inapposite because Mr. An has sufficiently alleged facts showing that his rights have been objectively chilled.

### B.    Plaintiff Has Alleged Sufficient Facts to Demonstrate an Official Policy or Its Equivalent

To establish standing when seeking injunctive relief, a plaintiff must show "the existence of an official policy or its equivalent." *Shain*, 356 F.3d at 216 (quoting *Lyons*, 461 U.S. at 105-106). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). A plaintiff can also establish an official policy by showing "inadequate training or supervision was so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have

been deliberately indifferent to the need." *Walker v. City of N.Y.*, 974 F.2d 293, 298 (2d Cir. 1992) (internal quote omitted). [1]

Plaintiff has sufficiently alleged an official policy or its equivalent both through a widespread practice or custom and through a failure to train, monitor, discipline, or supervise NYPD officers.

### 1.    Plaintiff Has Sufficiently Pled Custom or Usage

The NYPD's pattern of arresting or interfering with individuals who attempt to record police officers performing their official duties in public is "so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware." *Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010). Plaintiff has alleged facts that this practice was so pervasive that the City's failure to act in the face of substantial notice demonstrates custom or usage.

The City mischaracterizes *Lyons* as requiring the "blanket application" of the conduct in question such that the NYPD would have to unconstitutionally interfere with every individual who records police officers for a plaintiff to establish standing. Both *Lyons* and *MacIsaac* state that a plaintiff can establish "an official policy or its equivalent" by alleging that the municipality

---

[1] As this Court acknowledged, "district courts within this circuit have applied *Monell* and its progeny when evaluating whether a plaintiff has alleged an official policy or its equivalent for purposes of conferring standing." *An v. City of N.Y.*, 2017 WL 455434 (S.D.N.Y. Feb. 2, 2017) (citing cases). Defendant relies on *MacIsaac* for the proposition that *Lyons* provides a much narrower definition of an official policy than *Monell*, which does not include failure to train or supervise. However, the *MacIsaac* court acknowledges, "[t]he lower courts have limited *Lyons* to cases in which the plaintiff's own misconduct led to the disputed police action." *MacIsaac*, 770 F. Supp. 2d at 601 (citing John C. Jeffries, Jr. & George A. Rutherglen, *Structural Reform Revisited,* 95 Cal. L. Rev. 1387, 1418 (2007)). Mr. An was not engaged in illegal activity, but rather was lawfully exercising his First Amendment rights at the time of his arrest. Thus, even under *MacIsaac,* the narrower *Lyons* does not seem applicable. However, even if the Court applied a narrower standard under *MacIsaac* and *Lyons*, Plaintiff has sufficiently alleged an official policy or its equivalent through custom and usage.

"ordered or **authorized** police officers to act in such a manner." *MacIsaac*, 770 F. Supp.2d at

594 (citing *Lyons*, 461 U.S. at 106) (emphasis added).

Thus, a policy can exist where police officers are authorized to engage in the conduct.

Courts in this district have found that allegations of widespread behavior—even absent written or

verbal authorization of the behavior in question—are sufficient to establish "an official policy or

its equivalent" under *Lyons*. *See Nat'l Cong. for Puerto Rican Rights v. City of N.Y.*, 75 F. Supp.

2d 154, 161 (S.D.N.Y.), *on reconsideration in part*, 191 F.R.D. 52 (S.D.N.Y. 1999) (defendant's

official policy is "evidenced by a pervasive pattern of unconstitutional stops and frisks"); *Aguilar*

*v. Immigration & Customs Enf't Div. of the U.S. Dep't of Homeland Sec.*, 811 F. Supp.2d 803,

828 (S.D.N.Y. 2011) (plaintiffs satisfied their burden of establishing an official policy by

alleging that the acts in question were "condoned, widespread, and ongoing"). In *Nat'l Cong. for*

*Puerto Rican Rights*, for example, the plaintiff was not required to show that police officers

*always* engaged unconstitutional stop-and-frisks; it was sufficient to allege a pattern of behavior

authorized by the City. F. Supp. 2d at 159-62.

Plaintiff's proposed Amended Complaint alleges ample facts to support a theory of an

official policy based on custom or usage. The proposed Amended Complaint includes an

additional 46 allegations in civil complaints, 19 news articles, and 311 CCRB complaints from

2014-2016.[2] Am. Cmplt. ¶¶32, 38, 40. The proposed Amended Complaint's allegations are far

more numerous than the allegations in other cases in this jurisdiction where courts have found

insufficient facts to support a claim of an official policy or its equivalent. *See e.g., Calderon v.*

---

[2] "The fact that none of the claims ha[ve] yet been adjudicated" such that they have resulted in a
finding of liability against the City is "not material; if the City's efforts to evaluate the claims
were so superficial as to suggest that its official attitude was one of indifference to the truth of
the claim, [as] such an attitude would bespeak an indifference to the rights asserted in those
claims." *Fiacco v City of Rensselaer, N.Y.*, 783 F.2d 319, 328 (2d Cir 1986).

*City of N.Y.*, 138 F. Supp. 3d 593, 612-13 (16 lawsuits filed during a 12-year period did not suggest a pervasive illegal practice); *Tieman v. City of Newburgh*, 2015 WL 1379652, at *17 (S.D.N.Y. Mar. 26, 2015) (13 allegations of excessive force during arrests over a four-year period was insufficient to constitute a custom).

Contrary to the City's assertion, plaintiff cites civil complaints in other cases not for the truth of the allegations contained therein, nor does plaintiff cite the complaints as a demonstration of finding liability against NYPD officers in similar cases. Rather, plaintiff uses these lawsuits to allege that defendant had *notice* of repeated allegations of misconduct, including after the FINEST message was issued, and yet took no corrective action. *See McCants v. City of Newburgh*, 2014 WL 6645987, at *4 (S.D.N.Y. Nov. 21, 2014).  Courts in this Circuit have found such allegations in other cases sufficient to establish an official policy or its equivalent.  *Id.*, at *4 (denying motion to dismiss where the plaintiff cited similar prior lawsuits to evidence that the city was on prior notice of the possible conduct); *Bertuglia v. City of N.Y.*, 839 F. Supp. 2d 703, 738–39 (S.D.N.Y. 2012) (same).

News articles are similarly admissible to show notice. *McAllister v. N.Y.C. Police Dep't*, 49 F. Supp. 2d 688, 705 n.12 (S.D.N.Y. 1999). Courts have found that standing to bring a claim against a municipality exists in cases where a complaint details similar instances of constitutional violations buttressed by news reports detailing the same misconduct because the municipality had notice of a possible pattern of constitutional violations and did not act.  *See Edwards v. City of N.Y.*, 2015 WL 5052637, at *6 n.3 (S.D.N.Y. Aug. 27, 2015) (a report, prior lawsuits, and press coverage "render plausible plaintiff's claims under either a pattern and practice or failure to train/supervise theory").

In the face of over 300 allegations of NYPD officers interfering with the rights of individuals who record police officers performing their official duties in public, the City's inaction has effectively authorized NYPD officers to interfere with or arrest individuals who videotape officers through baseless arrests, threats of law enforcement action, and destruction of recording devices.

### 2.    Plaintiff Has Sufficiently Pled Failure to Train or Supervise

A failure to train requires: 1) "that a policymaker knows to a moral certainty that her employees will confront a given situation"; 2) that "there is a history of employees mishandling the situation'; and 3) "that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." *Jenkins v. City of N.Y.*, 478 F.3d 76, 94 (2d Cir. 2007).  Here, the pervasive use of cellphones to record coupled with the number of incidents detailed in the complaint creates a virtual certainty that NYPD officers will continue to confront situations where individuals record officers performing their official duties in public.

Contrary to the City's argument that plaintiff must plead that the City has failed to investigate these incidents[3] in order to sufficiently plead such failure to train or supervise, the City's constitutional obligation to "forestall further incidents" does not end at investigation. *Vann v. City of N.Y.*, 72 F.3d 1040, 1049 (2d Cir. 1995) (civilian complaints should have alerted supervision to continuing problematic behavior and triggered "significant administrative response"). Investigation of individual incidents alone, without taking some "significant administrative response" is insufficient. *Id.* at 1051.

---

[3] Both plaintiff's arrest and the majority of the other incidents cited in the proposed Amended Complaint were, by being subject to either civil or criminal litigation, likely investigated. Individual complaints about interference with recording submitted to the Civilian Complaint Review Board (CCRB), an external investigation agency whose primary mission is investigating civilian complaints, would also have been investigated.

Plaintiff's allegation is that neither the City nor the NYPD took any corrective action to make sure that the contents of the FINEST message distributed in 2014 would actually be enforced. Am. Cmplt. ¶¶36-38. Plaintiff's proposed Amended Complaint alleges that from 2014-2016 alone there were over 300 allegations of officers interfering with recording. *Id*. at ¶¶32, 38, 40. It also alleges that this interference with recording by NYPD officers frequently causes individuals to be deprived of their First Amendment rights. *Id*. at ¶1, 32.

Plaintiff also alleges that the City failed to adequately monitor, supervise, and discipline officers or otherwise take corrective action in response to a litany of complaints involving interference with recording multiple times in the complaint. *Id*. at ¶¶37, 38, 44, 45, 52-53. There is only one incident, out of dozens listed in the complaint and hundreds referenced, where disciplinary action by the City was known to plaintiff. *Id*. at ¶38(x). Other than that single disciplinary action, the City has failed to meaningfully respond *in any way* to its officers' pattern of unconstitutional interference with recording. The City has not even managed to produce a long-awaited CCRB report identifying patterns of complaints involving interference with recording, which would potentially provide direction in making more substantial reforms. Nor has the CCRB made any public recommendations in the interim. *Id.* ¶¶40-42. The Court may therefore infer indifference because the City has utterly failed to "forestall future incidents".

## II.    **PLAINTIFF'S PRAYER FOR INJUNCTIVE RELIEF IS ACTIONABLE**

Defendant's invocation of Fed. R. Civ. P. 65(d) as a basis for dismissing the pleading is baseless. Rule 65(d) governs the contents of remedial permanent injunction *orders*, not pleadings. Rule 8(a)(2) requires a complaint to articulate "a short and plain statement of the claim showing that the pleader is entitled to relief." As to remedy, Rule 8(a)(3) requires only that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Rule 65 contains no additional pleading requirements, and courts

may not add to the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 216-17 (2007) (citing *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993)). The only authority cited by defendant, *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 238 (2d Cir. 2001), does not address the pleading requirements for a claim seeking injunctive relief.

The Court will determine whether plaintiff's request for injunctive relief should be granted after plaintiff has been successful on the merits of his claim, not on a motion to dismiss. *See N.Y. State Nat'l Org. for Women v. Terry,* 704 F. Supp. 1247, 1262 (S.D.N.Y.1989).

Defendant's assertion that plaintiff's request for a permanent injunction in this matter would amount to "a simple command to obey the law" is also premature and incorrect. Defendant's allegation that the injunctive relief requested in this matter is merely a command to obey the law ignores the way in which a remedial order will be framed based on fact discovery.

## III.   PLAINTIFF HAS ARTICULATED A BASIS TO SEEK DECLARATORY RELIEF

A declaratory judgment may issue in "a case of actual controversy" within the court's jurisdiction.  *N.Y. Times Co. v. Gonzales*, 459 F.3d 160, 165 (2d Cir. 2006). An actual controversy exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *In re Prudential Lines Inc.*, 158 F.3d 65, 70 (2d Cir.1998) (internal quote omitted). Contingent liability "does not necessarily defeat jurisdiction of a declaratory judgment action. Rather, courts should focus on the practical likelihood that the contingencies will occur." *Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 278 (2d Cir.2008) (internal quote omitted).

Defendant's allegation that the acts that occurred on July 28, 2014 constitute the entirety of the dispute misstates the proposed Amended Complaint's allegations; throughout, Mr. An makes allegations that demonstrate a likelihood of future harm related to the specific instance of the NYPD violating his First Amendment rights on July 28, 2014. Am Cmplt. ¶¶ 4, 25-29, 54.

Because a practical likelihood of future harm exists, a declaratory judgment may serve "a useful purpose in clarifying or settling the legal issues involved" and may "offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005).

<u>**CONCLUSION**</u>

For the reasons set forth above, plaintiff respectfully requests that the Court grant it leave to file its proposed Amended Complaint.

Dated: March 23, 2017
         New York, New York

Respectfully Submitted,

/s/Charles S. Sims
Cynthia Conti-Cook
Joshua Carrin
The Legal Aid Society
199 Water Street, 6th Floor
New York, New York 10038
Telephone: (212) 577-3265
Facsimile: (646) 449-6786

Charles S. Sims
William C. Silverman
Sarah E. Sullivan
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
csims@proskauer.com
wsilverman@proskauer.com
ssullivan@proskauer.com
*Attorneys for Plaintiff*

10