USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___06/15/17___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RUBEN AN,

*Plaintiff,*

v.

THE CITY OF NEW YORK,

*Defendant.*

*Document Electronically Filed*

Case No.: 16-cv-05381

## CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent __√__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 29 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent the remaining paragraphs need not be completed.]*

2. The parties [have __√__ / have not ____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules and the parties' proposed dates have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases?
   http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713.
   [Yes _____ / No __√__]

   b. A § 1983 case governed by the Plain for Certain § 1983 Cases Against the City of New York?
   http://www.nysd.uscourts.gov/rules/1983%20Revised%20Plan20and%20Exhibits%20.11.22.2013.pdf
   [Yes _____ / No __√__]

c. A patent case subject to the Local Patent Rules?
http://www.nysd.uscourts.gov/rules/Standing)Order_in_re_Local_Patent_Rules.
pdf.
[Yes ____ / No __√__]

4. Alternative Dispute Resolution Settlement

a. Settlement discussions [have ____ / have not __√__] taken place.

b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following: N/A

c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms of use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: Counsel for the parties are still discussing potential alternate dispute resolution mechanisms.

d. Counsel for the parties recommend that the following alternate dispute resolution mechanism designated in Paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): N/A

e. The use of any alternate dispute resolution mechanism does not stay or modify any date in this Order.

5. No additional parties may be joined after _7/31/17_ without leave of Court.

6. Amended pleadings may be filed without leave of Court until _8/31/17_.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than . _14_ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

a. All fact discovery shall be completed no later than __12/7/17__. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by __6/30/17__.

c. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by __6/30/17__.

d.  Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by __10/16/17__.

e.  Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by __11/7/17__.

f.  Any of the deadlines in Paragraphs 8(b) through 8(e) may be extended by the written consent of the parties without application to the Court, provided that all fact discovery is completed by the date set forth in Paragraph 8(a).

9.  Expert Discovery [if applicable]

a.  Anticipated expert types if any:
Law enforcement expert
Journalist/academic expert on impact of recordings of police

b.  All expert discovery shall be completed no later than __1/22/18__. *[Within 45 days of from the date in Paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit unless types of experts are identified.

c.  By 11/7/17 *[no later than one month before the date in Paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in Paragraph 9(a).

10. This case [is __√__ / is not ____] to be tried to a jury.

11. Counsel for the parties have conferred and their best present estimate of the length of trial is __5 days__.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3) are set forth below.

N/A

13. Status Letters and Conferences

8/14/17 and every 45 days thereafter

a.  By 8/21/17 *[60 days after the commencement of fact discovery]*, the parties shall submit a status letter, as outlined in Individual Rule IV.A.2.

b.  By 12/21/17 *[14 days after the close of fact discovery]*, all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On <u>12/21/17</u> at <u>10:30</u> A.M. *[usually 14 days after the close of discovery]*, a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

   i. A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.I. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

   ii. If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference, and trial. The trial date will be firm.

d.     By June 28, 2017, the parties shall submit a joint letter stating whether or not they seek a referral to a Court-appointed mediator or Judge Peck for settlement purposes.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in Paragraph 8(f)) shall be made in written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under Paragraphs 5, 7, 8(a), 9(b)-(c), and 12(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: <u>June 15, 2017</u>
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties

Cynthia Conti-Cook                    Mark Zuckerman
Joshua Carrin                         Corporation Counsel
The Legal Aid Society                 City of New York
199 Water Street, 6th Floor          100 Church Street, 4th Floor
New York, New York 10038              New York, New York 10007

Charles S. Sims
William C. Silverman
Sarah E. Sullivan
Proskauer Rose LLP

11 Times Square
New York, New York 10036