UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

RUBEN AN,

                                       Plaintiff,

-against-

THE CITY OF NEW YORK,

                                       Defendant.

**STIPULATION OF SETTLEMENT**

16 CV 5381 (LGS)

------------------------------------------------------------------------- x

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about July 6, 2016 and an amended complaint on or about June 2, 2017, alleging, in part, that pursuant to a pattern and practice the New York City Police Department ("NYPD") violated plaintiff's constitutional rights by interfering with and deterring his First Amendment right to film, photograph, videotape, or otherwise record (collectively, "record") NYPD officers performing their official duties in public places; and

        **WHEREAS,** plaintiff also alleged, in part, that the NYPD officers took retaliatory measures against him for attempting to record police officers on July 28, 2014, while the officers were interacting with another man on a sidewalk on Lafayette Street and East Eighth Street in Manhattan, New York; and

        **WHEREAS,** defendant City of New York denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the NYPD Legal Bureau issued a Legal Bulletin, Vol. 46, No. 2, in May, 2016; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendant City of New York, with prejudice, and without costs, expenses, or attorneys' fees.

2. Defendant City of New York hereby agrees to the relief set forth in paragraphs 3, 4 and 5 herein, in full satisfaction of all claims, including claims for damages, costs, expenses and attorneys' fees. In consideration for the relief set forth in paragraphs 3, 4 and 5 herein, plaintiff agrees to the dismissal of all the claims against the defendant City of New York and to release defendant City of New York and Sgt. Bekim Becaj, P.O. Joseph Novellino and P.O. Michael DiGiacomo; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for damages, costs, expenses, and attorneys' fees.

3. The defendant City represents that NYPD Patrol Guide No. 203-29 has been issued in the standard procedure for issuance of such patrol guide sections.

4. The NYPD represents that it is conducting a customary command level training based on the New York City Police Academy Training Memo entitled "Recording Police Action by the Public," a draft of which has been provided to plaintiff's counsel. In furtherance thereof, the training sergeant for each precinct (or the equivalent) has attended a

training seminar at the Police Academy on the contents of such Training Memo. The training sergeant for each precinct (or the equivalent) has or will train the officers in their commands in compliance with their responsibilities under Patrol Guide No. 202-19. Attendance at the trainings conducted by the training sergeant for each precinct (or the equivalent) of the officers within their Commands will be maintained in the ordinary course of business by the NYPD.

5. The defendant City represents that a FINEST Message in the form previously provided to plaintiff's counsel has been issued by the NYPD, and Commanding Officers of each precinct (or the equivalent) have or will ensure that members of their commands are apprised of the contents of this FINEST Message.

6. Plaintiff shall execute and deliver to the defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above.

7. Nothing contained herein shall be deemed to be an admission by the defendant City that it has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

8. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

9. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written

agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
October 9, 2018

THE LEGAL AID SOCIETY
199 Water Street, 6th Floor
New York, New York 100038
*Attorneys for Plaintiff Ruben An*

By: _____
Cynthia H. Conti-Cook
Josh Carrin
Sarah Sullivan

PROSKAUER
11 Times Square
New York, New York 10036-8299
*Attorneys for Plaintiff Ruben An*

By: _____
William C. Silverman
Zachary Chalett

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendant City of New York*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
Mark D. Zuckerman
*Senior Counsel*